# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ADRIAN VILLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:17-cv-02834-TLP-tmp |
| ) | |
| ) | |
| v. ) | JURY DEMAND |
| ) | |
| EMPIRE TRUCK LINES, INC., DAIMLER ) | |
| TRUST D/B/A EMPIRE TRUCK LINES, ) | |
| GENE AUTRY BARCLAY, JR., ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING DEFENDANT DAIMLER'S MOTION FOR SUMMARY JUDGMENT

Defendant Daimler Trust ("Daimler's") moves for summary judgment. (ECF No. 25.) Plaintiff now consents so the motion is unopposed[1]. (ECF No. 42 at PageID 285.) On the agreement of both parties, and for the following reasons, the Court grants Defendant's Motion.

## BACKGROUND

This is a personal injury case. Plaintiff claims that on October 29, 2016, she was driving her vehicle northbound on Ridgeway Road in Memphis, Tennessee when Defendant Gene Autry Barclay, driving a 2016 Freightliner Truck (the "Truck"), collided with the side of Plaintiff's vehicle. (ECF No. 25-1 at PageID 146.) As a result of injuries suffered in that

---

[1] As further evidence of their agreement, the parties submitted to chambers an "Agreed Order Granting Motion for Summary Judgment Filed by Defendant Daimler Trust."

accident, Plaintiff sued Defendant Barclay for negligence. (*Id*.) Plaintiff has also brought claims against Defendant Empire, as Barclay's employer, and against Defendant Daimler, as owner of the Truck. (*Id*. at PageID 147.)

At the time of the accident, Defendant Daimler was a statutory trust organized in Delaware engaged in the business of leasing vehicles and purchasing motor vehicle lease agreements and related vehicles. (*Id*.) On the date of the accident, Defendant Daimler was the lessor of the truck in question. (*Id*.) But the driver of the 2016 Freightliner Truck, Defendant Barclay, was not Defendant Daimler's agent, servant, or employee, nor was he acting with Defendant Daimler's authorization, either expressed or implied. (*Id*. at PageID 148.) Furthermore, at the time of the accident, Defendant Daimler did not supervise or control any of Defendant Barclay's actions and did not, at any time, control, operate, or maintain the 2016 Freightliner Truck involved in the accident. (*Id*.)

In short, there was no agency relationship between Defendant Daimler and the other two defendants in this action. (*Id*.)

## **DISCUSSION**

To the extent that Plaintiff seeks to hold Defendant Daimler liable as the owner of the Truck, Plaintiff's claim fails under the Graves Amendment to the Safe, Accountable, Flexible, Efficient Transportation Equity Act. *See* 49 U.S.C. § 30106(a). The Graves Amendment protects businesses from vicarious-liability claims which are based on the business's ownership of a vehicle involved in an accident that causes injuries to another. *See id*; *Hagen v. U-Haul Co. of Tenn.*, 613 F.Supp.2d 986, 1000 (W.D. Tenn. 2009) ("[T]he Court agrees that the plain language of [the Graves Amendment] unambiguously bars recovery based on the theory of vicarious liability arising from the [d]efendants' ownership of the truck . . . .").

2

The Graves Amendment specifically states that a vehicle lessor cannot be held liable under the laws of *any state* for injuries caused when one of its leased vehicles is involved in an accident. *See id.* Liability can only arise where there is some independent "negligence or criminal wrongdoing on the part of the owner." *Id.* § 30106(a)(2).

Here the Graves Amendment is directly applicable. Defendant Daimler is in the business of leasing motor vehicles. (ECF No. 25-1 at PageID 147.) The Truck was leased from Defendant Daimler at the time of the underlying accident. Consequently, liability based on its ownership is not permissible.

Additionally there is simply no evidence, and there are no facts to suggest that Defendant Daimler was in an agency relationship with Defendant Barclay. Because Plaintiff has raised no genuine issue of material fact as to that conclusion, Defendant Daimler is entitled to judgment as a matter of law.

## **CONCLUSION**

Finding no genuine issue of material fact in dispute between Plaintiff and Defendant Daimler, its Motion for Summary Judgment is GRANTED. Plaintiff's claim against Defendant Daimler is DISMISSED WITH PREJUDICE.

**SO ORDERED**, this 7th day of August, 2018.

                                            s/ Thomas L. Parker
                                            THOMAS L. PARKER
                                            UNITED STATES DISTRICT JUDGE