# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ADRIAN VILLA, ) | |
| ) | |
| Plaintiff, ) | No. 2:17-cv-02834-TLP-tmp |
| ) | |
| v. ) | JURY DEMAND |
| ) | |
| EMPIRE TRUCK LINES, INC., DAIMLER ) | |
| TRUST D/B/A EMPIRE TRUCK LINES, ) | |
| GENE AUTRY BARCLAY, JR., ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY

Defendants move to exclude any expert testimony offered by the Plaintiff about anything that would qualify as expert testimony under Federal Rules of Evidence 702, 703, or 705 because Plaintiff failed to disclose information required under Federal Rule of Evidence 26(a)(2). (ECF No. 50 at PageID 304.) Defendants also move for an award of attorney's fees and expenses for preparing this Motion. (ECF No. 51 at PageID 313.) Although Plaintiff's attorney stated at a hearing that he intended to respond to the Motion (ECF No. 55), he has failed to do so. For the reasons that follow, Defendants' Motion is GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

The Court entered an Amended Scheduling Order requiring Plaintiff to disclose Rule 26(a)(2) expert information by June 21, 2018. (ECF No. 29 at PageID 261.) The deadline for supplementation under Rule 26(e) was August 20, 2018. (*Id*.) Defendants later filed this

motion, arguing that Plaintiff had not submitted adequate expert disclosures by the deadline. (ECF No. 51 at PageID 308.) Defendants assert that Plaintiff answered Defendants' interrogatories, listed the names and addresses of Plaintiff's treating physicians as fact witnesses, but did not disclose the information required for experts under Rule 26(a)(2)(B)–(C). (*Id*. at PageID 310.) Plaintiff's discovery responses are attached as Exhibit A to Defendants' Memorandum of Law. (ECF No. 51-1 at PageID 316–17.) To date, Plaintiff has not responded to this Motion. Nor has Plaintiff moved the court for an extension of time to file expert disclosures.

According to Defendants' attorney, Plaintiff's counsel revealed that he intends to call the treating physicians to testify about Plaintiff's injuries and damages. (ECF No. 51 at PageID 308–09.) Defendants now move the Court to exclude any expert testimony offered by Plaintiff and to order Plaintiff to pay Defendants' reasonable attorney's fees and expenses for preparing and filing this Motion. (ECF No. 51-1.)

## **ANALYSIS**

### I.     **Expert Witnesses Disclosure Requirements**

Defendants allege that Plaintiff failed to adhere to Federal Rules of Civil Procedure 26(a)(2)(B)–(C), which requires witnesses "retained or specially employed to provide expert testimony in the case" to provide a written report containing:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Witnesses who need not provide a written report but still intend to give expert testimony must provide a disclosure stating the "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). The court sets the deadline for these disclosures. Fed. R. Civ. P. 26(a)(2)(D). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

### A. Substantially Justified or Harmless

The Sixth Circuit uses a five-factor test to determine whether a party's failure to provide information under Rule 26(a) is "substantially justified" or "harmless." The five factors are:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015). While it would hardly surprise Defendants that Plaintiff intended to introduce expert witness testimony, Defendants still have no idea about the facts and opinions that could make up the testimony of these physicians. The first factor, therefore, supports excluding Plaintiff's expert testimony. Second, Plaintiff has made no attempt to cure these deficiencies or to respond to this motion. The second factor thus points to Defendants' position. Third, allowing Plaintiff to introduce expert testimony at this point would severely disrupt the current schedule. The deadlines to complete discovery, to file motions to exclude expert witnesses, and to file dispositive motions have passed. The

3

Court would have to amend the scheduling order again and change the trial date to allow Plaintiff more time to make expert disclosures. The Court is not inclined to adjust the schedule here. The third factor thus favors Defendants. The fourth factor—importance of the evidence—is the lone factor that might weigh in Plaintiff's favor. Yet, Plaintiff has not responded to explain any need for the testimony so the fourth factor is neutral. Finally, the Court considers the Plaintiff's explanation for failing to disclose required evidence. Again, Plaintiff has not responded to Defendants' Motion or submitted any more information explaining his failure to make the proper disclosures. So the fifth factor also weighs in Defendants' favor.

Plaintiff's failure to disclose expert information under Rule 26(a)(2) was neither "substantially justified" nor "harmless" under the *Howe* factors. The court finds, therefore, that exclusion of expert witness evidence is justified under Rule 37(c)(1) of the Federal Rules of Civil Procedure.

## II. Physician's Testimony

Parties need only make disclosures under Federal Rule of Civil Procedure 26(a)(2) if a witness' testimony constitutes expert testimony. Defendants allege that Plaintiff intends to offer expert testimony through the treating physicians disclosed in response to Defendants' interrogatories. (ECF No. 51 at PageID 308.) In particular, Defendants state that Plaintiff intends to call her treating physicians to testify about her injuries and damages. (*Id*. at PageID 309.)

Treating physicians need not file an expert report under Rule 26(a)(2)(B) if their testimony relates to opinions about causation or diagnosis formed when the patient was treated. *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869 (6th Cir. 2007). Still, if a treating

physician draws on "scientific, technical, or other specialized knowledge" to form an opinion, that testimony is still expert testimony. Fed. R. Evid. 701; *see also Gass v. Marriot Hotel Serv., Inc.*, 558 F.3d 419, 426 (6th Cir. 2009) ("[A] treating physician's testimony remains subject to the [*Daubert*] requirement[s]."); *Thomas v. Novartis Pharm. Corp.*, 443 F. App'x 58, 61–62 (6th Cir. 2011) (holding that treating physicians testimony about causation of plaintiff's medical condition failed to meet the requirements of Fed. R. Evid. 702). So parties need to make the Rule 26(a)(2)(C) disclosures for a treating physician's testimony—if that testimony goes beyond that of a lay person—at the time required by the court. *Smith v. Windstream Commc'ns, Inc.*, No. 11-272-GFVT, 2013 WL 12177457, at *2 (E.D. Ky. Sept. 12, 2013) (finding that treating physicians need to provide a summary disclosures rather than a written report); *Etheridge v. E.I. DuPont De Nemours and Co., Inc.*, No. 124-cv-2443-SHL-cgc, 2015 WL 12516227, at *5 (W.D. Tenn. Oct. 14, 2015) (excluding testimony of treating physicians about causation and diagnosis for failure to provide Rule26(a)(2)(C) disclosures); *Gazvoda v. Sec'y of Homeland Sec.*, No. 15-cv-14099, 2018 WL 1281756, at *8 (E.D. Mich. Mar. 13, 2018) (stating that treating physicians may only opine on matters of treatment and diagnosis when disclosed by summary disclosure under Rule 26(a)(2)(C)).

Here, Plaintiff has not made the required expert disclosures under Rule 26(a)(2)(B) or 26(a)(2)(C). Plaintiff's failure to make the necessary disclosures requires the Court to exclude any testimony by the treating physicians or others constituting expert testimony under Federal Rules of Evidence 702, 703, or 705. *See Etheridge*, 2015 WL 12516227, at *5 (citing *Dickenson v. Cardiac and Thoracic Surgery of Eastern Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004)). Plaintiff's witnesses may still testify as lay witnesses, on matters within their personal

5

observations and perceptions.  Yet that testimony may not address causation, diagnosis, or any other matter requiring specialized training or knowledge.

## **Conclusion**

For the above mentioned reasons, Defendants' Motion to Exclude Expert Opinion Testimony (ECF No. 50) is GRANTED IN PART AND DENIED IN PART.  Defendant's motion to exclude expert testimony under Federal Rules Evidence 702, 703, or 705 at trial is GRANTED.  However, Defendant's Motion for attorney's fees and expenses is DENIED.

**SO ORDERED**, this 7th day of November, 2018.

                                            s/Thomas L. Parker
                                            THOMAS L. PARKER
                                            UNITED STATES DISTRICT JUDGE